594 P.2d 1166

**Maria PARKER, Petitioner-Appellant,**

v.

**Windell E. PARKER,
Respondent-Appellee.**

**No. 12169.**

Supreme Court of New Mexico.

May 14, 1979.

Toulouse, Krehbiel & DeLayo, Charlotte Mary Toulouse, Houston, Housman, Freeman & Dawe, David G. Housman, Albuquerque, for petitioner-appellant.

Sheehan & Sheehan, Timothy M. Sheehan, Albuquerque, for respondent-appellee.

OPINION

EASLEY, Justice.

Mrs. Parker moved to have the district court review an "alimony" award entered on the default of Parker in a 1975 divorce action. The motion was denied, and Mrs. Parker appeals.

The dispositive issue is whether the one-year limitation in N.M.R.Civ.P. 60(b)(1), N.M.S.A.1978 bars Mrs. Parker's motion for review.

The default decree ordered Parker to pay Mrs. Parker half of the amount he had "contributed" to his military retirement plan during coverture as "alimony". Mrs. Parker later discovered that the military retirement was non-contributory and Parker had not paid any money into the plan. Three years after the decree was entered, she moved for review of the pension provision, claiming that since the trial court denominated the pension provision as alimony, the matter is subject to the continuing jurisdiction of the trial court under § 40–4–7, N.M.S.A.1978, and that her discovery of the

nature of the husband's pension plan is a changed circumstance which calls for modification of the order.

Parker urges that the pension provision, though called alimony in the decree, really represents a mistake by Mrs. Parker with regard to division of property, and thus is not a matter for continuing jurisdiction. Even if it is alimony, the only change of circumstances is the change in knowledge of Mrs. Parker. Neither the retirement plan nor the financial condition of the parties has changed at all. Thus, the strict test of *Lord v. Lord*, 37 N.M. 24, 16 P.2d 933 (1932) for changed circumstances is not met.

Mrs. Parker next argues that the error was a clerical error, which by the terms of N.M.R.Civ.P. 60(a), N.M.S.A.1978, may be corrected at any time. Parker counters that the issue of clerical error is not properly before the Court because it was not raised in the district court. He asserts, without citation to the record, that the wife's sole argument below was based on "mistake of fact".

We hold that there was no clerical error. The mistake was in Mrs. Parker's conception of the nature of the pension plan, a substantive flaw rather than a technical one. The decree was prepared by Mrs. Parker's attorney and adopted by the trial court without any appearances by Parker. There is nothing in the record to suggest that Parker misrepresented the nature of the pension plan to his wife. The mistake is chargeable to Mrs. Parker, and clearly falls within Rule 60(b)(1), specifying a one-year period of limitation within which a mistake may be asserted to modify a decree.

The trial court was correct in dismissing the motion on these grounds. We need not answer the other questions.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.